UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. BERBERICH,

      Petitioner,

             CASE NO. 05-CV-74678-DT

v.

             HON. GEORGE CARAM STEEH

HELEN MARBERRY,

      Respondent.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND DISMISSING PETITIONER'S APPLICATION FOR HABEAS CORPUS

      Petitioner Michael J. Berberich is a prisoner currently incarcerated at the Federal Correction Institution in Milian, Michigan, serving a 120 month sentence after pleading guilty to one count of maintaining a residence used for unlawful drug activity. On December 8, 2005, petitioner filed this pro se application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a Bureau of Prisons (BOP) disciplinary finding which resulted in a loss of 27 days good conduct time. On June 12, 2006, Magistrate Judge Paul Komives filed a Report and Recommendation recommending that the court deny petitioner's habeas corpus application. Petitioner filed his objections to the report on June 21, 2006. For the reasons set forth below, the court finds that petitioner's objections lack merit and therefore adopts the Report and Recommendation of the magistrate in its entirety and denies petitioner's application for habeas corpus.

FACTUAL BACKGROUND

      The magistrate's Report and Recommendation contains a detailed history of the facts surrounding the incident which is the subject of petitioner's habeas application.

The incident occurred prior to petitioner's transfer to the Milan facility, while he was incarcerated at the Yankton Detention Center in Yankton, South Dakota. Petitioner had been transferred to the Yankton Detention Center from the Yankton Federal Prison Camp in Yankton, South Dakota, due to a fight which had occurred between petitioner and another inmate.

On April 20, 2005, the head jailer of the Yankton Detention Center notified the BOP that petitioner had been observed practicing martial arts, such as side kicks, combination front kicks, turning side kicks, and other movements, in his cell. The BOP investigated and ultimately charged petitioner with a violation of Code 220, which lists the following as prohibited acts in the High Category of the severity scale:

> Demonstrating, practicing, or using martial arts, boxing (except for use of a punching bag), wrestling, or other forms of physical encounter, or military exercises or drill (except for drill authorized and conducted by staff).

28 C.F.R. § 541.13, Table 3. A hearing was conducted where petitioner admitted to performing kicks and punches but denied the practice of martial arts. The Discipline Hearing Officer found petitioner guilty of violating Code 220 and sanctioned petitioner with, among other consequences, disallowance of 27 days' good conduct time.

Petitioner essentially makes two arguments: 1) that his conduct did not violate Code 220 because BOP's interpretation of the regulation is unreasonable, and 2) that Code 220 is unconstitutionally vague because it fails to adequately define the conduct it prohibits.

## STANDARD

"A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636 (b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION

1. Petitioner's first objection to the Report and Recommendation is that the BOP's interpretation of Code 220 is unreasonable.  As the magistrate points out, it is questionable whether petitioner can even challenge the reasonableness of the regulation.  See Hadden v. Howard, 713 F.2d 1003, 1008 (3d Cir. 1983) (quoting Meyers v. Alldredge, 492 F.2d 296, 310 (3d Cir. 1974) ("[W]hen faced with any such questions regarding the proper application of prison misconduct regulations, there is a real danger that 'legalistic wrangling over whether a rule was broken may visibly undermine the administration's position of total authority, necessary for security's sake.'").  Notwithstanding such a possibility, petitioner argues that Code 220 does not prohibit "other exercise ment [sic] to develope [sic] a prisoner's hand-eye-foot coordination," such as recreational sports like soccer, baseball, and basketball.

Although petitioner correctly points out that the regulation does not cover certain activities, the regulation clearly prohibits "[d]emonstrating, practicing, or using martial arts . . . or other forms of physical encounter," whether or not such activities would improve a prisoner's hand-eye-foot coordination.  Obviously certain activities create the potential for violence more than others, and Code 220 reflects this by prohibiting only certain activities.  Moreover, as the magistrate concluded, "[t]here was nothing unreasonable in the BOP's conclusion that the various kicks and defensive maneuvers practiced by petitioner fells within the broad swath of combative practices prohibited by Code 220."

Petitioner also argues that the code only prohibits physical encounters, not solo activities. As the magistrate pointed out, however, Code 220 also prohibits "demonstrating" and "practicing" the listed activities. Since it is possible to "practice" martial arts or other physical encounters while one is alone, the court finds that petitioner's objection to be without merit.

2. Petitioner's second objection to the Report and Recommendation is that he was not provided adequate notice of the activities prohibited by Code 220. He argues that Code 220 "makes no specific reference to solo activity," and that it is therefore "impermissibly vague." As discussed above, however, the language of Code 220 clearly contemplates the prohibition of certain solo activities through use of the words "demonstrating" and "practicing."

Petitioner also argues that he was not provided adequate notice of the prohibited conduct because he was not provided a copy of the BOP's disciplinary regulations "while he was in the Yankton Detention Center," but only with a copy of the Yankton Detention Center's regulations. This objection is irrelevant, as the magistrate has noted, because Petitioner does not deny that he was provided with a copy of the applicable BOP regulations when he initially arrived at the Yankton Federal Prison Camp. Petitioner also does not deny that he was informed that he was subject to the BOP's regulations and that he was still constructively under the BOP's custody. See 28 C.F.R. § 541.10(a). Thus, petitioner was provided adequate notice of the BOP regulations when he received a copy of the regulations upon entering the Yankton Federal Prison Camp, and he had adequate notice that those regulations still applied to him during his stay at the Yankton Detention Center, where the incident occurred.

4

3. Petitioner's final objection relates to the magistrate's recommendation of dismissal regarding petitioner's claim that Code 220 violates the Religious Freedom Restoration Act (RFRA) because it prohibits a Zen Buddhist prisoner from practicing his religion.[1]  However, petitioner admits he is not a Zen Buddhist.  Because this claim also lacks merit, the court will not grant relief on this basis either.

## CONCLUSION

For the reasons stated above, the court hereby ACCEPTS and ADOPTS the magistrate's Report and Recommendation as its findings and conclusions in this matter. It is further ordered that Petitioner's application for writ of habeas corpus is DENIED.

IT IS SO ORDERED.

Dated:  September 6, 2006

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 6, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

[1] Petitioner argues that although he is not a Zen Buddhist, "he does practice a religion with many tenets that are in common with Buddhism, and therefore has an interest in the BOP abiding by the laws Congress passed to protect religious exercise."  The court notes that such a claim would require petitioner to establish that he is a member of the religion in question and that his religious exercise has been burdened by the government.  See United States v. Valrey, No. CR96-549Z, 2000 WL 692647, at *2 (W.D. Wash. Feb. 22, 2000) (citing United States v. Bauer, 84 F.3d 1549, 1559 (9th Cir. 1996); see also 42 U.S.C. § 2000bb-1(c) (providing that a violation of RFRA may be asserted by "a person whose religious exercise has been burdened").  Petitioner's claim does not begin to satisfy these elements.